UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL W. DERDA, et al., | ) |
|    Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:06-CV-1649 (JCH) |
| AMERIQUEST MORTGAGE COMPANY, et al., | ) ) ) ) |
|    Defendants. | ) |

## **MEMORANDUM AND ORDER**

The matter is before the Court on Defendant Northwest Title & Escrow Corporation's ("Northwest") Motion to Dismiss (Doc. No. 11), filed February 20, 2007. The matter is fully briefed and ready for disposition. For the reasons given below, the Court will deny Northwest's motion.

## **BACKGROUND**

Plaintiffs Paul and Cindy Derda are a husband and wife that reside in Missouri. Defendants Northwest and Ameriquest Mortgage Company ("Ameriquest") are businesses that engage in activities related to mortgage lending. (Compl., Doc. No. 1 ¶ 1-3). Ameriquest is incorporated under the laws of the state of Delaware. (Resp., Doc. No. 14 Ex. A). Its board of directors, officers, and corporate headquarters are located in the state of California. (Id.). Northwest is incorporated under the laws of the state of Minnesota. (Id.). Its corporate headquarters, board of directors, and officers are all located in the state of Minnesota. (Id.).

Plaintiffs filed their Complaint on November 14, 2006 alleging that Defendants violated various state and federal laws.[1] All of the allegations relate to a home loan made to Plaintiffs by Ameriquest that was worth approximately $130,000. (Compl., Doc. No. 1). In its motion, Northwest asserts that the Court must dismiss the claims against it because it is a citizen of Missouri, meaning the parties lack diversity of citizenship.[2] (Mot. to Dismiss, Doc. No. 11). Plaintiffs allege that diversity jurisdiction exists because neither Ameriquest nor Northwest is a citizen of Missouri. (Resp., Doc. No. 13).

**STANDARD OF REVIEW**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The standards applied to a motion to dismiss for lack of subject matter jurisdiction are the same as those applied to a claim brought under Fed. R. Civ. P. 12(b)(6). Vankempen v. McDonnell Douglas Corp., 923 F. Supp. 146, 147 (E.D. Mo. 1996). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

---

[1] Count I brings a federal claim for violation of the Truth-in-Lending regulations. That claim, however, is only directed at Ameriquest. (Doc. No. 1).

[2] Northwest also argues that the Court should also decline to exercise jurisdiction under 28 U.S.C. § 1367. (Doc. No. 11).

## DISCUSSION

Diversity jurisdiction is established when the amount in controversy exceeds $75,000 and there is a complete diversity of citizenship between the parties. 28 U.S.C. §1332(a); Capital Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004). A corporation can be a citizen of two state. 28 U.S.C. § 1332(c)(1). It is a citizen of the state in which it is incorporated as well as the state where it has its principal place of business. Id. The Eighth Circuit uses the "total activity" test to determine a corporation's principal place of business. Capital Indem. Corp., 367 F.3d at 836. This test examines the entirety of corporate activities and "recognizes that the nature of a corporation's activities will impact the relative importance of production activities, service activities, and corporate decision making." Id. Finally, the Eight Circuit holds that "a corporation's additional presence in another state does not destroy diversity jurisdiction." Smith v. Ashland, 250 F.3d 1167, 1172 (8th Cir. 2001).

Upon consideration, the Court finds that diversity jurisdiction exists because Northwest's arguments to establish its citizenship in Missouri contradict well-settled precedent. See Capital Indem. Corp., 367 F.3d at 835-37; Union Pac. R.R. Co. v. 174 Acres of Land Located in Crittenden County, 193 F.3d 944, 947 (8th Cir. 1999); Smith, 250 F.3d at 1172. Ameriquest is incorporated in Delaware and has its principal place of business in California, the location of its headquarters, directors, and officers. See Associated Petroleum Producers, Inc. v. Treco 3 River Energy Corp., 692 F. Supp. 1070, 1074 (E.D. Mo. 1988) (explaining that if no one state is clearly the center of corporate activity or accounts for a majority of income, more importance should be put on location of headquarters and corporate policy making). Therefore, Ameriquest is a citizen of California and Delaware. Northwest is incorporated in Minnesota, and has its principal place of business in Minnesota where its

headquarters, directors, and officers are located. See id. Finally, the mortgage at issue is worth more than $75,000.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Northwest's Motion to Dismiss (Doc. No. 11) is **DENIED**.

Dated this 20th day of March, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE